NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONSTANTINO BASILE, | No. 15-56309 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00412-DMG-MRW |
| v. | |
| LOS ANGELES FILM SCHOOL, LLC, DBA The Los Angeles Film School, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted February 14, 2017**

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Constantino Basile appeals pro se from the district court's judgment denying

his motion to vacate an arbitration award in his action alleging copyright

infringement, trademark infringement, and state law claims.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007), and we affirm.

The district court properly denied Basile's motion to vacate the arbitration award because Basile failed to establish any of the limited grounds on which an arbitration award can be vacated under section 10 of the Federal Arbitration Act ("FAA"). *See id*. (setting forth narrow grounds on which courts may vacate an arbitration award, which are limited to fraudulent procurement of the award, evident arbitrator partiality or corruption, prejudicial misconduct by the arbitrator, action that exceeds an arbitrator's power, and manifest disregard of the law, which requires "something beyond and different from a mere error in the law" (citation and internal quotation marks omitted)); *see also Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 645-47 (9th Cir. 2010) (plaintiff failed to show "evident partiality" of an arbitrator or raise a "reasonable impression" of corruption).

The district court properly granted defendant's motion to compel arbitration because the parties entered a valid arbitration agreement encompassing the dispute at issue. *See Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (FAA requires that district courts refer cases to arbitration where a valid arbitration

agreement covers the dispute at issue); *see also Mission Viejo Emergency Med. Assocs. v. Beta Healthcare Grp.*, 128 Cal. Rptr. 3d 330, 340 (Ct. App. 2011) (a "fundamental provision" regarding arbitration was not substantively unconscionable under California law); *Mercuro v. Superior Court*, 116 Cal. Rptr. 2d 671, 682 (Ct. App. 2002) (discovery limitations in an arbitration agreement did not deprive a party of the reasonable opportunity to prove his claims).

We reject as unsupported by the record Basile's contention that the district court failed to consider his declaration in support of his motion to vacate the arbitration award.

Basile waived any challenge to the district court's denial of his "motion to compel compliance with subpoena" by failing to explain in his opening brief how the district court erred. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

All pending motions and requests are denied.

**AFFIRMED.**

3